IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:11-CR-85-H
NO. 4:13-CV-163-H

CHARLES EDWARD HOCKADAY, )
)
   Petitioner, )
)
)
)
v. ) **ORDER**
)
UNITED STATES OF AMERICA, )
)
   Respondent. )
)

This matter is before the court on the government's motion to dismiss petitioner's § 2255 motion to vacate. Petitioner has responded and has additionally filed an amended response, through counsel, with permission of the court. This matter is ripe for adjudication.

On August 10, 2011, petitioner was indicted on three charges: conspiracy to distribute and possess with the intent to distribute 28 grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) (Count One); and distribution of a quantity of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) (Counts Two and Three). On January 5, 2012, petitioner pled guilty pursuant to a written plea agreement to Count One of the indictment. On April 9, 2012, following the

granting of the government's motion for downward departure, petitioner was sentenced to a term of imprisonment of 132 months. Petitioner did not appeal his conviction or sentence. On July 1, 2013, petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel.

### COURT'S DISCUSSION

Title 28 U.S.C. § 2255 imposes a one-year statute of limitations on actions filed pursuant to that section. The pertinent text of 28 U.S.C. § 2255 provides that:

> A 1 year limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2255(f).

Petitioner did not appeal; therefore, his judgment became final on "the date upon which [petitioner] declined to pursue further direct appellate review." United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001). Therefore, his judgment became final upon entry on April 25, 2012. Because petitioner did not file his § 2255 motion until July 1, 2013, his motion was filed outside the one year statute of limitations and is untimely under § 2255(f)(1). Petitioner has also not alleged sufficient facts to show a basis for extending the statutory timeframe for filing under § 2255(f)(2)-(4).

The statute of limitations period for § 2255 motions is, however, subject to equitable tolling. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000). An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). In order for equitable tolling to apply, petitioner must demonstrate that (1) he has been pursuing his rights diligently, and (2) extraordinary circumstances stood in his way and prevented him from timely filing. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

Petitioner alleges he faced several obstacles impeding his timely filing while in the BOP. First, petitioner was moved numerous times prior to filing his § 2255. After being sent to Oklahoma for initial processing, he was sent to USP Hazelton in West Virginia for some time before finally being sent to USP McCreary in Kentucky. From September 2012 to March 2013 while housed at USP Hazelton, he was in the Special Housing Unit as the result of an assault and had little access to personal property or legal paperwork. However, he was able to complete his § 2255 paperwork with the help of another inmate (he needed help due to a learning disability). In March of 2013, his belongings were packed up, and he was placed in transit. On April 25, 2013, he arrived as USP McCreary. His personal effects, including his legal paperwork and the § 2255 motion he had prepared, never arrived. He had to complete the process of preparing his § 2255 motion, with assistance again. He ultimately filed on July 1, 2013, more than 2 months after his arrival at USP McCreary.

The court finds that petitioner's alleged circumstances do not meet the heavy burden required to justify equitable tolling. Courts in the Fourth Circuit have often found that placement in the Special Housing Unit and prison transfers do not justify equitable tolling. "As one court succinctly put it, '[t]ransfers between prison facilities, solitary confinement, lockdowns,

4

restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances.'" Allen v. Johnson, 602 F. Supp. 2d 724, 727-28 (E.D. Va. 2009), (quoting Warren v. Kelly, 207 F.Supp.2d 6, 10 (E.D.N.Y. 2002)). "Courts generally do not recognize the difficulties inherent in prison life, such as segregation, lockdowns or transfers, as grounds for equitable tolling." Goodman v. Young, No. 1:12CV596, 2013 WL 2285236, at *6 (M.D.N.C. May 23, 2013) appeal dismissed sub nom. Goodman v. Dir. of Prisons, N. Carolina Dep't of Corr., 546 F. App'x 226 (4th Cir. 2013). Finding no extraordinary circumstances, this court denies petitioner's request for equitable tolling.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE #52] is GRANTED, petitioner's motion to vacate [DE #38] is DISMISSED for lack of jurisdiction. Petitioner filed two motions to seal [DE #41 and #45] his petition. The court hereby denies the motions to seal, but directs the clerk to seal the motions [DE #41 and #45]. The motion to withdraw [DE #59] is denied as moot.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard

by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of petitioner's 28 U.S.C. § 2255 motion debatable. Therefore, a certificate of appealability is DENIED.

This 17th day of November 2015.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26

6

Case 4:11-cr-00085-H   Document 71   Filed 11/20/15   Page 6 of 6