```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                         EASTERN DIVISION
                          4:11-CR-85-1H
```

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| CHARLES EDWARD HOCKADAY, | ) |
| Defendant. | ) |

This matter is before the court on defendant's motion pro se, [DE #96], for compassionate release and on his emergency motion through counsel for compassionate release [DE #100]. The government has responded, [DE #104], and defendant, through counsel, has replied, [DE #105]. Defendant has filed several documents in support of his motion. The government has responded in opposition, and this matter is ripe for adjudication.

## BACKGROUND

Defendant, who is 40 years old, moves for compassionate release based on the COVID-19 pandemic and the fact that he is obese and is immunocompromised.

On January 5, 2012, petitioner entered a plea of guilty to the following offenses: conspiracy to distribute and possess with

intent to distribute 28 grams or more of cocaine base (crack) and a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846 (Count One).  On April 9, 2012, petitioner was sentenced to a total term of imprisonment of 132 months.

## COURT'S DISCUSSION

On December 21, 2018, President Trump signed the First Step Act into law.  Among the many criminal justice reforms, Congress amended 18 U.S.C. § 3582(c)(1)(A)(i) to provide the sentencing judge with jurisdiction to consider a defendant's motion for reduction of sentence based on extraordinary and compelling reasons when the defendant has exhausted his administrative remedies.

Title 18 U.S.C. § 3582(c) now provides as follows:

> **(c) Modification of an imposed term of imprisonment.**-- The court may not modify a term of imprisonment once it has been imposed except that—
>
> **(1)** in any case--
>
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

2

> **(i)** extraordinary and compelling reasons warrant such a reduction; or
>
> **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> **(B)** the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.
>
> 18 U.S.C. § 3582(c)(1)(A)and(B).

A defendant who seeks compassionate release under 18 U.S.C. § 3582(c) bears the burden of establishing that such relief is warranted. See, e.g., United States v. Mangarella, No. 3:06-CR-151, 2020 WL 1291835, at *2 (W.D.N.C. Mar. 16, 2020); United States v. Mattingly, No. 6:15-CR-5, 2020 WL 974874, at *2 (W.D.Va. Feb. 28, 2020). "Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). Moreover, "a compassionate release . . . is an extraordinary and rare event." Mangarella, at *2 (quoting White v. United States, 378 F.Supp.3d 784, 787 (W.D. Mo. 2019)).

3

The statute does not define what constitutes "extraordinary and compelling reasons." The United States Sentencing Commission has been tasked with defining what constitutes extraordinary and compelling reasons. See 28 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of [T]itle 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

The Sentencing Commission has defined "extraordinary and compelling reasons" in Application Note 1 to United States Sentencing Guidelines Section 1B1.13. These reasons include:

(A) <u>Medical Condition of the Defendant</u>.

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specified time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is

      (I) suffering from a serious physical or medical condition,

      (II) suffering from a serious functional or cognitive impairment, or

4

> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) <u>Age of the Defendant</u>. The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) <u>Family Circumstances</u>.
> > (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> >
> > (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) <u>Other Reasons</u>. As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, app. n. 1.

Even assuming defendant has exhausted his administrative remedies, the court, having carefully considered all the circumstances in this matter, finds defendant has not shown

5

extraordinary and compelling reasons for compassionate release. Specifically, while the court acknowledges defendant's underlying conditions and the threat of COVID-19 to both the general population and more specifically to those incarcerated, this defendant is only 40 years old and is being released to a half-way house as of December 31, 2020. Compassionate releases are an extraordinary event, and this defendant's circumstances do not warrant such release. Therefore, this matter is DENIED.

## CONCLUSION

For the foregoing reasons, defendant's motions for compassionate release [DE #96 and #100] are DENIED.

This 16th day of December 2020.

                                                Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35